## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANITA J. WHIGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-CV-690-SMY-RJD** |
| | ) | |
| **JOYCE STEWART,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anita Whigham filed a *pro se* Federal Tort Claims Act ("FTCA") Complaint against the United State of America alleging that Joyce Stewart-Borders, a certified nurse practitioner employed at Southern Illinois Healthcare Foundation ("SIHF"), was negligent in wrongfully diagnosing Plaintiff with herpes (Doc. 1-1). Now before the Court are the Motion to Dismiss Defendant Stewart-Borders with Prejudice and Substitute the United States of America (Doc. 3) and Motion to Dismiss Plaintiff's Claims or in the Alternative for Summary Judgment filed by the United States of America (Doc. 8). For the following reasons, the motions are **GRANTED**.

### *Motion to Dismiss Defendant Stewart-Borders*

Under 42 U.S.C. § 233(a), an FTCA lawsuit against the United States is the sole remedy "for damage or personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." In such cases, the Attorney General may certify that the employee "was acting in the scope of his employment at

the time of the incident out of which the suit arose." 42 U.S.C. § 233(c). Upon certification, the employee is dismissed from the action, the United States is substituted as defendant in place of the employee, and the action is governed by the FTCA. *Id.* The Attorney General has delegated authority to certify a federal employee's scope of employment to the U.S. Attorneys. 28 C.F.R. § 15.4(a).

Here, the U.S. Attorney for the Southern District of Illinois has delegated his authority under § 15.4(a) to the Chief of the Civil Division, who has certified that Defendant Stewart-Borders is currently and was at all relevant times an employee of Southern Illinois Healthcare Foundation – a federal entity of the United States of America (Doc. 1-4). Accordingly, the exclusive remedy available to Plaintiff is an FTCA lawsuit against the United States. Finding that the FTCA applies here, and having no response from Plaintiff, the Motion to Dismiss Defendant Joyce Stewart-Borders with prejudice (Doc. 3) is granted and the United States of America is hereby substituted as a defendant.

### *Motion to Dismiss Plaintiff's Complaint*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). The FTCA requires plaintiffs to exhaust their claims at the administrative level before filing suit. A claim is exhausted at the administrative level when the "pertinent facts" of the claim have been pled, giving the administrative agency "sufficient notice" to investigate the claim, and the agency either denies the claim in writing or fails to make a final disposition within six months after its filing. 28 U.S.C. § 2675(a); *Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003). A plaintiff's failure to exhaust administrative remedies before she brings suit mandates dismissal of the claim. *McNeil v. United States,* 508

U.S. 106, 113 (1993).  When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to exhaust, the Court may examine administrative documents and take judicial notice of matters in the public record.  *See Palay*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003).

In the instant case, administrative records establish that the United States Department of Health and Human Services has not received any administrative claims from Plaintiff regarding the allegations in her Complaint (*see* Doc. 8-2).  In addition, Plaintiff's response to the motion to dismiss was due by August 26, 2019 and no response has been filed.  The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so in this case.  *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").  Accordingly, Defendant's Motion is granted and Plaintiff's Complaint is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED:  October 4, 2019**

**STACI M. YANDLE**
**United States District Judge**